# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

MONIQUE NICOLE WELDON,

        Plaintiff,

v.                                          CIVIL ACTION NO.   3:16-7887

BOYD HODGE, Maintenance Officer;
PAUL STUMP, Unit Manager;
SHELBY SEARLS, Unit Manager; and
WEST VIRGINIA DIVISION OF CORRECTIONS,

        Defendants.

## ORDER

Pending before the Court is Plaintiff's Notice of Appeal, Motion for Stay (ECF Nos. 159 and 160).[1] In the motion, Plaintiff takes issue with this Court's denial of Plaintiff's "Motions for Transcripts." (ECF Nos. 149 and 156). Plaintiff claims that those denials were erroneous because she cannot afford to pay the cost of acquiring copies of these court records otherwise. Further, Plaintiff provides notice to this Court of her desire to appeal this matter to the United States Court of Appeals for the Fourth Circuit. Under this Court's obligation to interpret *pro se* filings liberally, this Court construes Plaintiff's pleading as a motion to certify the issue of providing transcripts for an interlocutory appeal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that courts are construe *pro se* filings liberally). As explained below, the Court does not find that this issue is

---

[1] Note that the Clerk docketed Plaintiff's pleading as both a Notice of Appeal and a Motion for Stay.

appropriate to certify for an interlocutory appeal. Accordingly, the Court **DENIES** Plaintiff's Notice of Appeal, Motion For Stay (ECF Nos. 159 and 160).

Courts of appeals are empowered to hear appeals of final orders, and certain interlocutory and collateral order. 28 U.S.C. § 1291; 28 U.S.C. § 1292; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Because this Court's orders denying Plaintiff free copies of a hearing transcript were not final orders,[2] the Court must analyze whether the orders would be appropriate for interlocutory appeal.

In order to for a court of appeals to take an interlocutory appeal, a district court must certify the issue of a non-final order. A district court must reach three conclusions to certify an order for an interlocutory appeal: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292; *United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, 173 F.Supp.3d 320, 323 (E.D. Va. 2016). A district court's authority to certify interlocutory orders for immediate appeal should be used sparingly. *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). The requirements for certification must be strictly construed. *Id*.

This Court's orders denying Plaintiff's request for free transcripts do not satisfy the three requirements for interlocutory certification. Even if these orders presented an issue involving a controlling question of law, there is not a substantial ground for difference of opinion. Thus, the three requirements cannot be met.

---

[2] The courts consider an order to be final where it resolves all claims for all parties. *Fox v. Balt. City Police Dept.*, 201 F.3d 526, 530 (4th Cir. 2000) (citing *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). Because the orders denying Plaintiff free copies of transcripts do not resolve the claims, the orders are not final orders.

Plaintiff's case does not proceed under a cause of action that would entitle her to free transcripts. United States Code provides that the Government shall bear the cost of transcript copies for criminal defendants proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), plaintiffs asserting habeas corpus claims, or plaintiffs bringing claims under 28 U.S.C. §2255. 28 U.S.C. § 753(f). Here, Plaintiff filed suit alleging various common law claims and for violation of 42 U.S.C. § 1983 for deprivation of certain rights. Plaintiff's claims stem from alleged physical harassment by staff of the correctional facility where she is currently housed. Thus, Plaintiff does not meet the clearly announced situations where the Court must provide free transcripts under section 753(f).

However, section 753(f) also provides that a court can provide free transcripts to persons in other proceedings that are appealing *in forma pauperis*. *Id*. However, in that situation, a court must "certify that the appeal is not frivolous (but presents a substantial question)." *Id*. Here, because this Court has not issued a final judgment order, Plaintiff appears to want to appeal the orders denying transcripts. The Court does not find that this presents a substantial question.

Like most parties proceeding in a civil matter, Plaintiff bears the burden of litigation costs. Generally speaking, the courts cannot fund the ongoing litigation expenses of civil plaintiffs, even in the case of *pro se* plaintiffs. This Court provides guidance to *pro se* plaintiffs that even if they are allowed to proceed without prepayment of fees and costs, they will not be given free copies by the Court or the Clerk's Office. Pro Se Handbook, Rule 5.2 (S.D.W. Va.). Plaintiff was on notice, when she chose to proceed *pro se*, that she would have to cover the costs of any transcript copies. Thus, the imposition of these costs does not present a substantial question that would allow this Court to provide free transcript copies under section 753(f).

Because section 753(f) provides clear guidance, there is not a substantial ground for difference of opinion. Indeed, this Court's decision is in line with various other courts that have denied a §1983 plaintiff's request for free transcripts. *See e.g., Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985); *Shavers v. Bergh*, 516 Fed.Appx. 568, 571-72 (6th Cir. 2013); *Wrgiht v. City of St. Francis, Kan.*, 166 Fed.Appx. 343, 346-47 (10th Cir. 2006); *Carey v. Duncil*, 82 F.3d 409, *1 (4th Cir. Apr. 16, 1996) (unpub. table decision). Thus, Plaintiff has failed to establish the second prong of the interlocutory certification requirements. Accordingly, this Court's denial of Plaintiff's motions are proper.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 2, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE