# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

MONIQUE NICOLE WELDON,

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:16-7887

BOYD HODGE, Maintenance Officer;
PAUL STUMP, Unit Manager;
SHELBY SEARLS, Unit Manager; and
WEST VIRGINIA DIVISION OF CORRECTIONS,

        Defendants.

## ORDER

On September 27, 2017, this Court entered a Memorandum Opinion and Order enforcing a settlement agreement between the parties. *Mem. Op. & Order,* at 13, ECF No. 143. However, as questions remained as to whether Defendants complied with the agreement, the Court referred the matter "to the Magistrate Judge to determine whether the defendants fully complied with the valid settlement agreement by expunging the infraction before the parole board hearing." *Id*. at 14-15. Thereafter, the Magistrate Judge issued Proposed Findings and Recommendations (PF&R) concluding that Defendants had fulfilled their obligations under the settlement agreement, namely:

    1.      Defendants would pay Plaintiff the sum of $5,000;

    2.      Defendants would expunge from Plaintiff's inmate record "the disciplinary action for 'false representation'" arising from an incident that occurred at LCC on September 9, 2016; and

    3.      Defendants would re-evaluate Plaintiff's Level of Service/Case Management Inventory ("LSCMI") in light of the expungement[.]

*PF&R*, at 2, ECF No. 189.[1] Plaintiff has filed an Objection and Supplemental Objection to the PF&R. ECF Nos. 193 & 194. For the following reasons, the Court **DENIES** the objections.

Plaintiff's first objection is to the Magistrate Judge's denial of her request for a copy of Defendants' insurance policy. In denying the request, the Magistrate Judge found the policy is irrelevant to the remaining issues. *PF&R*, at 3. Upon review, the Court agrees. Whether or not there is an insurance policy that covers the $5,000 settlement is immaterial to whether Defendants fulfilled their obligations under the settlement.

Next, Plaintiff complains that a check was issued to her for $5,000, but that check is now void. Defendants do not deny the check is void, but state it resulted from Plaintiff's refusal to complete the settlement and sign a Release. *Resp. to Plf.'s Obj. to PF&R*, at 2, ECF No. 195. Defendants represent, however, that a check will be reissued to Plaintiff if the Court adopts the PF&R and after Plaintiff signs a Release. *Id*. The Court accepts Defendants' representation that a check will be reissued. Therefore, the Court **DENIES** Plaintiff's objection.

Plaintiff's third objection is that she seeks to be reimbursed $1,100 in "costs of litigation" for this case and another civil action she filed (Civ. Act. No. 3:16-3815) and $1,500 for mail and copying costs. There is no basis for this claim, and it was not part of the settlement agreement. Therefore, this objection is **DENIED**.

---

[1] Plaintiff also was required to sign a full and complete release of all claims against Defendants asserted in three civil actions she had pending in state and federal courts. *Id*.

In her Supplemental Objection, Plaintiff also objects to the manner in which her Level of Service/Care Management Inventory (LSCMI) score was calculated. However, as thoroughly explained by the Magistrate Judge, Plaintiff's disciplinary charge was expunged and her LSCMI was revised and given to the Parole Board. Therefore, Defendants fulfilled their obligation under the settlement agreement. Although Plaintiff is unsatisfied with the LSCMI and Procriminal Attitude/Orientation score given to the Parole Board, the Magistrate Judge addressed the basis for those calculation, and the Court finds Plaintiff's allegations that her revised scores violate Due Process are unsupported. Thus, the Court **DENIES** her Supplemental Objection.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's Objections and Supplemental Objections (ECF Nos. 193 & 194), **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations of the Magistrate Judge, and **GRANTS** Defendants' Motion to Enforce the Settlement. ECF No. 97. Even if Plaintiff refuses to sign the Release, the settlement is hereby enforced, and this case is **DISMISSED WITH PREJUDICE.** The Court also **DENIES** Plaintiff's letter-form motion for this Court to clarify the Order it entered on October 17, 2017 (ECF No. 155), and further **DENIES** "Plaintiff's Affidavit/Affirmation in Support of Motion for Jury Trial" as this case is resolved. ECF No. 199.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Cheryl A. Eifert, counsel of record, and any unrepresented parties.

ENTER: August 31, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE